IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARNELL L. ADAMS, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 06-682 |
| | ) | |
| v. | ) | Judge Arthur J. Schwab |
| | ) | Magistrate Judge Caiazza |
| GERALD L. ROZUM, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.  RECOMMENDATION**

It is respectfully recommended that the Petition for Writ of Habeas Corpus commenced by Darnell L. Adams, a prisoner in state custody, be dismissed because it was filed beyond the applicable statute of limitations. A certificate of appealability should be denied.

**II.  REPORT**

**A. BACKGROUND**

The Petitioner Darnell L. Adams ("Adams" or "the Petitioner") pled guilty to second degree murder in the Court of Common Pleas of Allegheny County, Pennsylvania on September 27, 1994. He was sentenced to life imprisonment that same date. No further action was taken until August 10, 2005, when Adams filed a petition pursuant to the Pennsylvania Post Conviction Relief

Act ("PCRA")[1], in which he alleged that counsel promised that his sentence would be commuted if he pled guilty. Counsel was appointed and Adams' PCRA petition was ultimately dismissed as being untimely on December 28, 2005. (Doc. 19, Ex. 3). The denial of PCRA relief was affirmed on appeal by the Pennsylvania Superior Court on September 26, 2006; the state appellate court expressly concurred with the trial court, finding that Adams' petition should be dismissed because it was filed beyond the applicable limitations period. (Doc. 9, Ex.7). Adams filed the instant Petition for Writ of Habeas Corpus on May 24, 2006, while his appeal was pending in state court. The Commonwealth now argues that Adams' federal habeas petition is barred by the statute of limitations. Adams filed a reply essentially claiming that the Pennsylvania Superior Court reached the merits of his claim and, consequently, his PCRA petition was not found to be untimely by the state court. (Doc. 22). As already stated here, the Pennsylvania Superior Court expressly ruled that Adams' PCRA petition was not timely filed.

## B. ANALYSIS

For habeas corpus petitions challenging state sentences under 28 U.S.C. § 2254 filed after April 24, 1996, a one-year statute of limitations is set out in the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat.

---

[1] 42 Pa. Cons. Stat. § 9541, et seq.

1214, April 24, 1996, (AEDPA), codified at 28 U.S.C. §2244(d). To determine whether Adams' petition was timely filed, the court must first determine the date direct review concluded and the judgment became "final". See 28 U.S.C. § 2244(d)(1)(A). Second, the court must determine whether any "properly filed" applications for collateral relief tolled the limitations period. See 28 U.S.C. § 2244(d)(2). Third, the court must determine whether another statutory exception or equitable tolling is applicable.

Adams was sentenced on September 27, 1994, and he did not file a direct appeal. His conviction became final on October 27, 1994, when his right to file a direct appeal expired. See Douglas v. Horn, 359 F.3d 257, 261 (3d Cir. 2004); Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000)(a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review, including the 90-day time limit for filing a writ of certiorari in the Supreme Court). Because Adams' conviction became final prior to the enactment of AEDPA, the limitations period commenced on April 24, 1996. Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998). On the facts in this record, Adams' conviction became final more than ten years prior to the time he filed the instant federal habeas petition.

Next, the court must determine whether the Petitioner is entitled to any available "tolling" provisions. See 28 U.S.C. §

-3-

2244(d)(2). Adams filed a pro se PCRA petition on August 10, 2005 – which remained pending until the Pennsylvania Superior Court affirmed the order denying relief on September 26, 2006. The time consumed in litigating a PCRA petition normally results in a tolling of the limitations period. See, Swartz, 204 F.3d at 420 (the time a collateral appeal is "pending" includes the time during which a petitioner may seek discretionary state court review, whether or not review is actually sought). Adams' PCRA petition, however, was not timely filed and -in this instance and on this record- does not toll the limitations period.

In Artuz v. Bennett, 531 U.S. 4, 8 (2000), the Supreme Court defined the term "properly filed" with respect to a state court collateral attack. The Court stated that a pleading is filed "when it is delivered to, and accepted by, the appropriate court officer for placement in the official record," and that it is *properly* filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Id. That said, a collateral attack which is filed out of time and which is dismissed as time-barred is not a properly filed application, and does not toll the limitations period. See Merritt v. Blaine, 326 F.3d 157, 165-66 (3d Cir.2003). In 2005, the Supreme Court confirmed this rule, stating that "[w]hen a post conviction petition is untimely under state law, that is the end of the matter for purposes of 28 U.S.C. § 2244(d)(2)." Pace

v. DiGuglielmo, 544 U.S. 408, 414 *reh'g denied,* 545 U.S. 1135 (2005) (internal editing and quotations omitted). Applying Merritt and Pace to the facts of this case, AEDPA's one year limitations period was not tolled because of Adams' untimely pending PCRA proceeding. As a consequence, his federal habeas petition was filed well beyond the limitations period because ten years had elapsed between April 24, 1996, the date the limitations period commenced, and May 24, 2006, the date he filed this action.

Finally, nothing in the record indicates that Adams is entitled to take advantage of any of the exceptions to the one year limitations period. Specifically, he has failed to show that his claims are based on a constitutional right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; nor has he shown that his claims are based on a factual predicate that could not have been discovered through due diligence. See 28 U.S.C. § 2254(d)(1)(C-D)[2]. Finally, nothing in this record indicates that the doctrine of equitable

---

[2] Adams argues that he did not learn of counsel's purported misfeasance until March, 2005, when he discovered that he would not be released automatically after serving eleven years.(Doc. 22, at 6). Even if the court accepted the onset date of the limitations period as suggested by Adams, his petition was not filed until fourteen months later; as noted above, the state court PCRA petition did not toll the limitations period. Thus, even accepting Adams' argument, his federal habeas petition would remain untimely.

tolling is applicable here.[3]

## C. **CERTIFICATE OF APPEALABILITY**

A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. See 28 U.S.C. §2254(c)(2). Where a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a certificate of appealability should issue when jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473 (2000). Applying this standard here, the court concludes that jurists of reason would not find it debatable whether Adams filed his habeas petition within the one year limitations period. Accordingly, a certificate of appealability should be denied.

### III. **CONCLUSION**

For all of the reasons stated above, the Petition for Writ of Habeas Corpus filed by Darnell L. Adams should be dismissed,

---

[3] The one-year limitation period in §2244(d) is a statute of limitations, not a jurisdictional bar, and may be equitably tolled. Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). "Equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient." Id. at 618-19 (internal citations, quotations, and punctuation omitted). A review of the record does not disclose any extraordinary circumstances beyond Adams' control that account for his failure to have filed his habeas petition in a timely manner.

and a certificate of appealability should be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by April 4, 2007. Responses to objections are due by April 16, 2007.

s/ Francis X. Caiazza<br>
Francis X. Caiazza<br>
United States Magistrate Judge

March, 19 2007

cc: Darnell L. Adams
    CN-1835
    SCI Somerset
    1600 Walters Mill Road
    Somerset, PA 15501-0001